

U.S. Department of Justice

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*         *John Joseph Moakley United States Courthouse*
                                          *1 Courthouse Way*
                                          *Suite 9200*
                                          *Boston, Massachusetts 02210*

                                          December 9, 2021

Reuben Camper Cahn, Esq.
Keller/Anderle LLP
18300 Von Karman Ave., Suite 930
Irvine, CA 92612

      Re:    *United States v. I-Hsin "Joey" Chen*
              Criminal No. 19-cr-10080-NMG

Dear Counsel:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, I-Hsin "Joey" Chen ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

      1.      <u>Change of Plea</u>

      As soon as practicable, Defendant will plead guilty to Count Five of the Fourth Superseding Indictment: Wire Fraud and Honest Services Wire Fraud, Aiding and Abetting, in violation of Title 18, United States Code, Sections 1343, 1346, and 2, insofar as that count charges a scheme and artifice to defraud ACT, Inc. of standardized tests and test scores, and of its right to the honest and faithful services of its test administrators. Defendant admits that Defendant committed the crime specified in that count and is in fact guilty of it.  The U.S. Attorney agrees to dismiss Count One of the Fourth Superseding Indictment following the imposition of sentence at the sentencing hearing.

      Defendant's plea shall, with the U.S. Attorney's consent, be a conditional plea of guilty, reserving Defendant's right to appeal the denial of Defendant's Motion to Dismiss Count Five of the Fourth Superseding Indictment, Dkt. 1026, only to the extent that the motion argued, in the accompanying brief at Dkt. 1022, as follows: <u>first</u>, that test scores cannot, as a matter of law, constitute property for purposes of the mail or wire fraud statutes, and that, to the extent that standardized tests might be considered property under the mail or wire fraud statutes, the indictment did not adequately allege facts establishing a scheme to fraudulently obtain

standardized tests in this case; and <u>second</u>, that the indictment did not adequately allege facts establishing that test administrators owed a fiduciary duty to testing companies in this case. Defendant will have the right to withdraw Defendant's guilty plea should Defendant prevail on appeal.

The U.S. Attorney agrees that, based upon the information known to the U.S. Attorney's Office at this time, no further criminal charges will be brought against Defendant in connection with the conduct set forth in the Fourth Superseding Indictment.

2. <u>Penalties</u>

Defendant faces the following maximum penalties on Count Five of the Fourth Superseding Indictment: incarceration for 20 years; supervised release for three years; a fine of $250,000, or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Fourth Superseding Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Rule 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

The U.S. Attorney will take the position, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 11:

> a) Based on the Court's prior rulings in this case, Defendant's base offense level is seven, because the offense of conviction is wire fraud and honest services wire fraud (USSG § 2B1.1);

    b) Defendant's offense level is increased by six, because the actual and intended loss or gain from the offense was more than $40,000 but not more than $95,000 (USSG § 2B1.1(b)(1)(D)); and

    c) Defendant's offense level is decreased by two, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

    5.    <u>Agreed Disposition</u>

The parties agree on the following sentence:

    a) incarceration for a term of nine weeks;

    b) a fine $75,000;

    c) 12 months of supervised release, with 100 hours of community service imposed as a condition of the supervised release;

    d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution in an amount to be determined at sentencing; and

    f) forfeiture as set forth in Paragraph 7.

Defendant agrees not to seek bail pending appeal, or any continuances or delays in sentencing or reporting to a facility designated by the Bureau of Prisons.

    6.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant

has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit except as set forth in Paragraph 1 of this Agreement; and

   b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in Paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction (except as set forth in Paragraph 1 of this Agreement) and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.  <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kristen A. Kearney.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: *Stephen E. Frank*
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit
SETH B. KOSTO
Deputy Chief
Securities, Financial & Cyber Fraud Unit

*Kristen A. Kearney*
KRISTEN A. KEARNEY
IAN J. STEARNS
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received an offer by letter dated December 8, 2021 and rejected it.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyers have given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
I-Hsin "Joey" Chen
Defendant

Date: 12/9/21

I certify that I-Hsin "Joey" Chen has had this Agreement read to him in his native language and that we have discussed what it means. I believe I-Hsin "Joey" Chen understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that that, in addition to this offer, the U.S. Attorney extended an offer dated December 8, 2021 and that I fully discussed that offer with Defendant before Defendant rejected it.

_____
Reuben Camper Cahn, Esq.
Attorney for Defendant

Date: 12/9/2021

7

      I solemnly swear or affirm that I have made a true interpretation of this Agreement to I-Hsin "Joey" Chen in Mandarin Chinese to the best of my abilities.

_____
Interpreter

Date:    Dec 9, 2021
_____